UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>　　　　v.<br><br>Aaron Miller,<br><br>　　　　　　Defendant. | **Consent<br>Order of Restitution**<br><br>**22 Cr. 633 (VM)** |

Upon the application of the United States of America, by its attorney, Damian Williams, United States Attorney for the Southern District of New York, Amanda C. Weingarten, Assistant United States Attorney, of counsel; the presentence investigation report; the defendant's conviction on Count Two of the Indictment; and all other proceedings in this case, it is hereby ORDERED that:

### 1. Amount of Restitution

Aaron Miller, the defendant, shall pay restitution in the total amount of $470,000, pursuant to 18 U.S.C. §§ 3663; 3663A; 3664, to the victims of the offense charged in Count Two. The names, addresses, and specific amounts owed to each victim are set forth in the Schedule of Victims, attached hereto as Schedule A. Upon advice by the United States Attorney's Office of a change of address of a victim, the Clerk of Court is authorized to send payments to the new address without further order of this Court.

#### A. Joint and Several Liability

Restitution is joint and several with the following defendant in the following case: PABLO ARMANDO VALENZUELA, 22 CR. 633 (VM). The defendant's liability to pay restitution shall continue unabated until either the defendant has paid the full amount of restitution ordered herein,

or every victim in Schedule A has recovered the total amount of each loss from the restitution paid by the defendant and all co-defendants ordered to pay the same victims.

**B.    Apportionment Among Victims**

Pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid. Restitution shall be paid to the victim(s) identified in the Schedule of Victims, attached hereto as Schedule A, on a pro rata basis, whereby each payment shall be distributed proportionally to each victim based upon the amount of loss for each victim, as set forth more fully in Schedule A.

**2.    Schedule of Payments**

Pursuant to 18 U.S.C. § 3664(f)(2), in consideration of the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the defendant; and any financial obligations of the defendant; including obligations to dependents, the defendant shall pay restitution in the manner and according to the schedule that follows:

In the interest of justice, restitution will be payable in installments pursuant to 18 U.S.C. § 3572(d)(1) and (2). While serving the term of imprisonment, the Defendant shall make installment payments toward his restitution obligation through the Bureau of Prisons' (BOP) Inmate Financial Responsibility Plan (IFRP). Pursuant to the IFRP, the BOP may establish a payment plan by evaluating the Defendant's six-month deposit history and subtracting an amount determined by the BOP to be used to maintain contact with family and friends, send mail, and buy necessary commissary items. That subtracted amount to be used to maintain contact with family and friends, send mail, and buy necessary commissary items shall not be determined to be less than $50 per month. In other words, installment payments should permit at least $50 to be used to maintain contact with family and friends, send mail, and buy necessary commissary

items each month. The remaining balance may be used to determine a repayment schedule. BOP staff shall help the Defendant develop a financial plan and shall monitor the inmate's progress in meeting his restitution obligation. Any unpaid amount remaining upon release from prison will be paid in installments of at least 10 percent of the defendant's gross income on the 1st of each month.

This schedule is without prejudice to the Government taking enforcement actions, pursuant to 18 U.S.C. § 3613, to the extent warranted.

Pursuant to 28 U.S.C. § 2044 and 18 U.S.C. § 3611, the Court shall order any money belonging to and deposited by the defendant with the Clerk of Court for the purposes of a criminal appearance bail bond to be applied to the payment of restitution.

### 3. Payment Instructions

The defendant shall make restitution payments by certified check, money order, or online. Instructions for online criminal debt payments are available on the Clerk of Court's website at https://nysd.uscourts.gov/payment-information#PaymentofCriminalDebt. Checks and money orders shall be made payable to the "SDNY Clerk of Court" and mailed or delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required by 18 U.S.C. § 3611. The defendant shall write his/her name and the docket number of this case on each check or money order.

### 4. Change in Circumstances

The defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Program) of (1) any change of the defendant's name, residence, or mailing address or (2) any

material change in the defendant's financial resources that affects the defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).

After serving his term of imprisonment, the defendant shall pay interest on any restitution amount of more than $2,500.00, unless restitution is paid in full before the fifteenth day after the date of the judgment, in accordance with 18 U.S.C. § 3612(f)(1). If ordered by the Court, the defendant shall also pay interest during the term of his incarceration.

### 5. Term of Liability

The defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b). Subject to the time limitations in the preceding sentence, in the event of the death of the defendant, the defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

### 6. Sealing

Consistent with 18 U.S.C. §§3771(a)(8) & 3664(d)(4) and Federal Rule of Criminal Procedure 49.1, to protect the privacy interests of victim(s), the Schedule of Victims, attached hereto as Schedule A, shall be filed under seal, except that copies may be retained and used by or disclosed to the listed victims, the Government, the investigating agency, the Clerk's Office, and

the Probation Office, as needed to effect and enforce this Order, without further order of this Court.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____   5/26/2023
Amanda C. Weingarten            DATE
One Saint Andrew's Plaza
New York, NY 10007
Tel.: (212) 637-2257


AARON MILLER

By: _____   6/30/23
AARON MILLER                    DATE

By: _____   6/30/23
Stephen Turano, Esq.            DATE
The Law Office of Stephen Turano
275 Madison Avenue, 35th Floor
New York, NY 10016
Sturano@turanolaw.com


SO ORDERED:

_____       12-1-2023
HONORABLE VICTOR MARRERO        DATE
UNITED STATES DISTRICT JUDGE

2023.2.16                       5