```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/18/23
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- against -

AARON MILLER,

Defendant.

22-cr-0633 (VM)

ORDER

**VICTOR MARRERO, United States District Judge.**

The Court has received the letter motion ("Motion") by defendant Aaron Miller ("Miller") to reconsider or reduce his sentence pursuant to Federal Rule of Criminal Procedure 35(a) (see Dkt. No. 87), as well as the Government's response (see Dkt. No. 89). Miller argues that his sentence is the result of arithmetical, technical, or other clear error because the Court awarded Miller's co-defendant a downward variance from the applicable United States Sentencing Guidelines ("guidelines") range yet sentenced Miller to a within-guidelines range. (See Dkt. No. 87.) For the reasons below, Miller's Motion is **DENIED**.

Miller and his co-defendant, Pablo Valenzuela ("Valenzuela"), pled guilty to allegations that they violated 18 U.S.C. §§ 1951 and 2 in connection with a robbery of a jewelry store in the Bronx. As reflected in their plea allocutions, Miller and Valenzuela acted in concert to plan and execute the robbery. Valenzuela admitted to using bear

1

spray against store employees, and Miller admitted to using a hammer to destroy some of the store's glass display cases to steal the jewelry inside. (See Dkt. Nos. 54, 56.)

On September 15, 2023, this Court sentenced Valenzuela to 70 months' imprisonment. The Court found that Valenzuela's conduct in the instant offense and criminal history supported a guidelines range of 78 to 97 months' imprisonment, based on a total offense level of 26 and a criminal history category of III. However, the plea agreement between Valenzuela and the Government treated Valenzuela's applicable guidelines range as 70 to 87 months' imprisonment, based on a total offense level of 26 and a criminal history category of II. The Court accepted that agreement as reasonable and relied on that agreement in reaching its sentencing decision as to Valenzuela. Accordingly, Valenzuela's sentence fell within the stipulated range but reflected an eight-month departure from the official guidelines range. (See Dkt. No. 75.)

On December 1, 2023, this Court sentenced Miller to 70 months' imprisonment. The Court found that Miller's conduct in the instant offense and criminal history supported a guidelines range of 70 to 87 months' imprisonment, based on a total offense level of 26 and a criminal history category of II. The plea agreement between Miller and the Government stipulated to that same range. Thus, Miller's sentence fell

within both the stipulated range and the official guidelines range. (See Dkt. Nos. 84, 89.)

The respective sentences of Miller and Valenzuela do not amount to arithmetical, technical, or other clear error. See Fed. R. Crim. P. 35(a). Both defendants were sentenced within the range stipulated by their separate plea agreements, and indeed both sentences impose the same term of imprisonment. Though Miller complains that this Court's sentences of the co-defendants in this case amount to an unwarranted disparity in sentences under 18 U.S.C. § 3553(a)(6), Valenzuela received a downward departure only because of the terms of Valenzuela's agreement with the Government. The Government's agreement with Miller stipulated to no such departure, and the Court therefore did not grant one.

For the reasons stated above, it is hereby **ORDERED** that defendant Aaron Miller's motion to reconsider or reduce his sentence is **DENIED**. The Clerk of Court is respectfully directed to terminate the motion entered at Dkt. No. 87.

Dated:   December 18, 2023
         New York, New York

                                              _____
                                              Victor Marrero
                                              U.S.D.J.